UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOEL SOLOMON,

              Plaintiff,

    -against-

THE CITY OF NEW YORK, SGT. JAMES GRILLO, Shield # 2504; P.O. BRYAN CULLEN, Shield # 28302; P.O. ANDREW KAMMA, Shield # 24865; P.O. GEORGE ALLEN, Shield # 6387; and P.O. JOHN DOES # 1-5, the individual defendants sued individually and in their official capacities,

              Defendants.

**FIRST AMENDED COMPLAINT**

14-CV-2821-ARR-JO

ECF Case

Jury Trial Demanded

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.   This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims arise from an incident, which occurred on or about January 26, 2013. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, unlawful search and seizure, unreasonable force, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County.

4. In addition, City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff JOEL SOLOMON is a resident of the State of New York, Kings County.

6. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendants SGT. JAMES GRILLO, Shield # 2504; P.O. BRYAN CULLEN, Shield # 28302; P.O. ANDREW KAMMA, Shield # 24865; P.O. GEORGE ALLEN, Shield # 6387, and JOHN DOES # 1-5 are New York City Police Officers, employed with the 73rd Precinct, located in Brooklyn, New York who violated plaintiff's rights as described herein.

8. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. On or about January 26, 2013, at approximately 10:00 p.m., inside 2196 Dean Street, Brooklyn, New York, police officers from the 73rd Precinct, including defendant SGT. JAMES GRILLO, Shield # 2504; P.O. BRYAN CULLEN, Shield # 28302; P.O. ANDREW KAMMA, Shield # 24865; P.O. GEORGE ALLEN, Shield # 6387, and JOHN DOES # 1-5, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

10. On or about January 26, 2013, plaintiff was inside 2196 Dean Street, Brooklyn, New York, in a small single room occupancy apartment that he was renting on the premises with his girlfriend. Plaintiff heard someone screaming and opened the door to his apartment when he was met with a police officer who was pointing a gun to his head.

11. At gun point, the police directed plaintiff to leave his apartment and to sit in a kitchen area as other police officers proceeded to break open the locked doors of separate SRO apartments and searched all of the apartments.

12. The police found nothing that showed plaintiff or his girlfriend had any association with the other locked apartments and no weapons or contraband was found on plaintiff's person, on his girlfriend's person, in plaintiff's SRO apartment or in the common areas.

13. The police had no search or arrest warrant to enter and search the premises.

14. Thereafter, without reasonable suspicion or probable cause that plaintiff had committed a crime, police officers including defendant P.O. Cullen, unlawfully arrested plaintiff.

15. The police placed handcuffs on plaintiff.

16. The police transported plaintiff to the 73rd Precinct for arrest processing.

17. Thereafter, plaintiff was removed to Brooklyn Central Booking, where he was subjected to depraved, filthy, and inhumane conditions of confinement before being arraigned.

18. While plaintiff was incarcerated at the 73rd Precinct and Central Booking awaiting arraignment, the defendants pursuant to a conspiracy, falsely and maliciously told the

Kings County District Attorney's Office that plaintiff had committed a crime, and based on the officer's false allegations, the District Attorney's Office decided to prosecute plaintiff in Kings County Criminal Court under docket number 2013KN007001.

19. After being incarcerated overnight, plaintiff was arraigned and at that time the case was adjourned in contemplation of dismissal on March 28, 2014 to be dismissed six (6) months from that date.

20. The aforesaid events were not an isolated incident. Defendant City of New York had been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Defendant City of New York was further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

21. Moreover, defendant City of New York was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant City of New York had retained these officers, and failed to adequately train and supervise them.

22. The individual defendants acted in concert committing the above described illegal acts toward plaintiff.

23. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

24. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

25. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

26. As a result of defendants' actions plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

27. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

**FIRST CLAIM**

**(UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)**

28. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

29. Defendants unlawfully seized and searched plaintiff and his apartment without cause or consent.

30. Accordingly, defendants are liable to plaintiff for unlawful search and

seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

31. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

32. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

33. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE)

34. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

35. The individual defendants' use of force upon plaintiff was objectively unreasonable.

36. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

37. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

38. Accordingly, the defendants are liable to plaintiff for using unreasonable

and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM
### (FAILURE TO INTERVENE)

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40. The individual defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

41. Accordingly, the individual defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM
### (MONELL CLAIM)

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

44. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully stopping, searching and arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

45. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

46. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

47. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

48. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

50. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.       Punitive damages in an amount to be determined by a jury;

    c.       Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    d.       Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
                September 5, 2014

                                      ANDREW S. RENDEIRO, ESQ.
                                      *Attorney for Plaintiff*
                                      Flamhaft Levy Hirsch & Rendeiro LLP
                                      16 Court Street, Suite 3301
                                      Brooklyn, New York 11241
                                      (718) 237-1900
                                      asrendeiro@yahoo.com
                                      By:


                                      _____s/_____
                                      ANDREW S. RENDEIRO


                                      MICHAEL O. HUESTON, ESQ.
                                      *Attorney for Plaintiff*
                                      16 Court Street, Suite 3301
                                      Brooklyn, New York 11241
                                      (718) 246-2900
                                      mhueston@nyc.rr.com